**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JOSE REYES<br><br>Plaintiff,<br><br>v.<br><br>KOST TIRES & AUTO SERVICE<br>and<br>KOST TIRE DISTRIBUTORS, INC.<br>and<br>KOST TIRE/MUFFLER, INC.<br>and<br>JOSEPH LORDI<br><br>Defendants. | CIVIL ACTION<br><br>CASE NO.: 3:25-cv-01782-KM |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

Plaintiff, by and through his undersigned counsel, hereby submits this Brief in Opposition to Defendants' Motion to Dismiss Plaintiff's Fist Amended Complaint.

**KARPF, KARPF & CERUTTI, P.C.**

By: *<u>/s/ Jeremy M. Cerutti</u>*
Jeremy M. Cerutti, Esq.
*Attorney for Plaintiff*

Dated: January 5, 2026

# TABLE OF CONTENTS


I. Introduction....................................................................1

II. Relevant Procedural History ....................................................2

III. Statement of Questions Involved................................................2

IV. Statement of Facts.............................................................3

V. Legal Argument..................................................................6

A. Legal Standard..................................................................6

B. Legal Analysis..................................................................9

1. Defendants' Motion to Dismiss Plaintiff's Title VII/1981 Discrimination Claims Should be Denied...........................9

2. Defendants' Motion to Dismiss Plaintiff's Hostile Work Environment Claim Should be Denied.............................14

3. Defendants' Motion to Dismiss Plaintiff's Retaliation Claim Should be Denied.............................................17

4. Defendants' Motion to Dismiss Joseph Lordi Should be Denied..19

5. Plaintiff Has Set Forth Sufficient Facts to Support a Claim for Punitive Damages..............................................20

6. Plaintiff Should be Permitted to Amend his Complaint to Cure Any Deficiencies ..............................................22

VI. Conclusion......................................................................23

# TABLE OF AUTHORITIES

## Cases

*Abrams v. Lightolier Inc.*, 50 F.3d 1204, 1214 (3d Cir. 1995)................................11
*Abramson v. William Paterson College*, 260 F.3d 265, 2001 U.S. App. LEXIS 17614, 86 Fair Empl. Prac. Cas. (BNA) 668, 81 Empl. Prac. Dec. (CCH) P40,678 (3d Cir. 2001)............................................................... 10, 14, 15
*Alston v. Parker,* 363 F.3d 229, 235 (3d Cir. 2004)................................................23
*Aman v. Cort Furniture Rental Corp.*, 85 F.3d 1074, 1081 (3d Cir. 1996) ............14
*Anderson v. Wachovia Mortg. Corp.*, 621 F.3d 261, 268-270 (3d Cir. 2010)...........9
*Angelis v. Phila. Hous. Auth.,* No. 23-460, 2024 U.S. Dist. LEXIS 26342, at *44 (E.D. Pa. 2024).................................................................................15
*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ...........................................................7
*Barry by & Through Cornell v. Manor Care, Inc.,* No. 97-5883, 1999 U.S. Dist. LEXIS 5928, at *12 (E.D. Pa. 1999) ..................................................................21
*Bayer v. Pocono Med. Ctr.*, No. 3:13-1900, 2014 U.S. Dist. LEXIS 100111, 2014 WL 3670499, at *4 (M.D. Pa. 2014) .....................................................................8
*Bell Atlantic Corp. v. Twombly*, 550 U. S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)............................................................................................7
*BMW of North America, Inc. v. Gore*, 517 U.S. 559, 576, 116 S. Ct. 1589, 134 L. Ed. 2d 809 (1996) ................................................................................21
*Burlington Industries, Inc. v. Ellerth*, 118 S.Ct. 2257 (1998)................................17
*Canete v. Barnabas Health Sys.,* 718 F. App'x 168, 169 (3d Cir. 2018)..................15
*Cardenas v. Massey,* 269 F.3d 251, 260 (3d Cir. 2001) ................................... 14, 20
*Castleberry v. STI Grp.*, 863 F.3d 259, 264 (3d Cir. 2017) ............................. 13, 15
*Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure* § 1357 (3d ed. 2004) ...............................................................................................23
*Clegg v. Falcon Plastics, Inc.,* 174 Fed.Appx 18, 26 (3d Cir. 2006).......................17
*Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 788 (3d Cir. 2016) ..........................8
*Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 213 at *3 (3d Cir. 2013)..............6
*Davis v. City of Phila. Water Dep't,* 2001 U.S. Dist. LEXIS 18163, 2001 WL 1390750, at *3 (E.D. Pa. 2001) ........................................................................12
*Erickson v. Pardus*, 551 U.S. 89, 93, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) ..8
*Faragher v. City of Boca Raton,* 118 S.Ct. 2275 (1998) .........................................17
*Fasold v. Justice,* 409 F.3d 178 (3d Cir. 2005) .......................................................18
*Fowler v. UPMC Shadyside*, 578 F.3d 203, 213 (3d Cir.2009) ................................8

*Francis v. Atlas Machining & Welding, Inc.*, No. 11-6487, 2013 U.S. Dist. LEXIS 20691, 2013 WL 592297, at *4 (E.D. Pa. 2013) ....................................................20
*Gagliardo v. Connaught Labs.*, 311 F.3d 565, 573 (3d Cir. 2002) ..........................20
*Ghalib v. Lycoming Coll.,* No. 4:25-CV-00463, 2025 U.S. Dist. LEXIS 186328, at *5 n.24 (M.D. Pa. 2025). ............................................ 8, 9, 12, 14, 18, 19, 20, 21
*Golod v. Bank of Am. Corp.*, 403 Fed. Appx. 699, 703 n.2 (3d Cir. 2010).............11
*Gray v. R.J. Reynolds Tobacco Co.*, 2011 U.S. Dist. LEXIS 3399,2011 WL 114868(D.N.J. 2011)..........................................................................................9
*Grayson v. Mayview State Hosp.,* 293 F.3d 103, 108 (3d Cir. 2002).......................23
*Gucker v. U.S. Steel Corp.,* 212 F. Supp. 3d 549, 564 (W.D. Pa. 2016)..................22
*Harris v. Forklift Sys.,* 510 U.S. 17, 22-23, 114 S. Ct. 367, 126 L. Ed. 2d 295, 1993 U.S. LEXIS 7155, 62 U.S.L.W. 4004, 63 Fair Empl. Prac. Cas. (BNA) 225 (U.S. 1993) ..........................................................................................................16
*Hawkins v. City of Phila.,* 571 F. Supp. 3d 455, 463 (E.D. Pa. 2021) .....................15
*Heller v. Fulare,* 371 F.Supp.2d 743, 746 (W.D. Pa. 2005)............................. 22, 23
*Holmes v. Am. Heritage Fed. Credit Union*, No. 18-4418, 2019 U.S. Dist. LEXIS 31015, at *10 (E.D. Pa. 2019)...........................................................................20
*Huston v. P&G Paper Prods. Corp.*, 568 F.3d 100, 105 (3d Cir. 2009)..................12
*Ilowite v. Diopsys, Inc.,* 2008 U.S. Dist. LEXIS 7359 at *49 (D.N.J. 2008............21
*Jarmon v. Trader Joe's Co.*, 660 F. Supp. 3d 357, 363 (E.D. Pa. 2023)..................10
*Jenkins v. Ciocca Mgmt.,* 762 F. Supp. 3d 416, 427 (E.D. Pa. 2025)................11, 12
*Kolstad v. Am. Dental Ass'n*, 527 U.S. 526, 535, 119 S. Ct. 2118, 144 L. Ed. 2d 494 (1999)..........................................................................................................20
*Krouse v. American Sterilizer Co*., 126 F.3d 494, 500 (3d Cir. 1997).....................17
*Kunin v. Sears Roebuck & Co*., 175 F.3d 289, 293 (3d Cir.1999).................... 14, 19
*Langley v. Merck & Co*., 186 Fed.Appx. 258, 259 (3d Cir. 2006).............................9
*Lockhart v. Westinghouse Credit Corp*., 879 F.2d 43, 54 (3d Cir. 1989).................11
*MacRae v. Afro-American Co.,* 172 F. Supp. 184, 190 (E.D.Pa. 1959)............ 21, 22
*Mandel v. M&Q Packaging Corp.,* 706 F.3d 157, 168 (3d Cir. 2013) .....................15
*Merritts v. Pa.*, No. 1:17-CV-01881, 2020 U.S. Dist. LEXIS 103078, 2020 WL 3128529, at *3 (M.D. Pa. 2020) .......................................................................19
*Miller v. Tyco Elecs., Ltd.,* 2012 U.S. Dist. LEXIS 164531 at *6 (M.D.Pa. 2012) .21
*Nadie v. Greenwood Gaming & Ent., Inc.,* No. 25-cv-1184, 2025 U.S. Dist. LEXIS 72932, at *4-5 (E.D. Pa. 2025) ...................................................................8, 9
*Nesselrotte v. Allegheny Energy, Inc*., WL 703395 (W.D. Pa. 2009).......................18
*Nicholson v. Bradley Graphic Solutions, Inc*., 2004 U.S. Dist. LEXIS 7153, 2004 WL 870692, at *4 (E.D. Pa. 2004) ...................................................................12

*Nitkin v. Main Line Health*, No. 20-4825-KSM, 2021 U.S. Dist. LEXIS 229179, at *28 (E.D. Pa. 2021) ....................22
*Palmore v. Hornberger*, 813 F. App'x 68, 71 (3d Cir. 2020) ....................9
*Parexel Intern. Corp. v. Feliciano*, 2008 WL 5101642 (E.D.Pa. 2008) ....................21
*Phillips v. County of Allegheny,* 515 F.3d 224, 228 (3d Cir. 2008) ....................7, 23
*Pinker v. Roche Holdings, Ltd.,* 292 F.3d 361, 375 n. 7 (3d Cir.2002)....................7
*R.K. v. Y.A.L.E. Schs., Inc*., 621 F. Supp. 2d 188, 194 (D.N.J. 2008) ....................7
*R.K*., 612 F. Supp. 2d at 194 ....................7, 8
*Roebuck v. Drexel Univ*., 852 F.2d 715, 733 (3d Cir. 1988) ....................11
*Sarullo v. U.S. Postal Serv*., 352 F.3d 789, 797 (3d Cir. 2003) ....................9
*Sewell v. Hertrich Invs., Ltd*., 825 F. Supp. 2d 503, 509, 513-15 (D. Del. 2011)....11
*Skaggs v. Hartford Financial Group, Inc*., 2001 WL 1665334 (E.D. Pa. 2001) ....21
*Treaster v. Conestoga Wood Specialties, Corp.,* 2010 U.S. Dist. LEXIS 63257, 98, 2010 WL 2606479 (M.D. Pa. Apr. 29, 2010) ....................17
*Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007)....................8
*Watkins v. Mack Trucks, Inc.,* No. 5:24-cv-02318, 2025 U.S. Dist. LEXIS 141423, at *13 (E.D. Pa. 2025)....................12
*Wilkie v. Geisinger Sys. Servs*.,2014 U.S. Dist. LEXIS 132162(M.D. Pa. 2014)......9
*Williams v. Cty. of Philadelphia Office of Fleet Mgmt.,* No. 18-3875, 2020 U.S. Dist. LEXIS 60287, 2020 WL 1677667, at *4 (E.D. Pa. 2020) ....................15
*Williams v. Potter,* Civil Action No. 07-02, 2008 WL 282349, at *3 (W.D.Pa. 2008) ....................12
*Williams v. Twp. of Lakewood*, No. 17CV11401PGSTJB, 2020 U.S. Dist. LEXIS 235893, 2020 WL 7391009 (D.N.J. 2020) ....................11

**Statutes/Rules**

42 U.S.C. § 1981 ....................2, 20
Fed.R.Civ.P. (12)(b)(6)....................6

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JOSE REYES<br><br>Plaintiff,<br><br>v.<br><br>KOST TIRES & AUTO SERVICE<br>and<br>KOST TIRE DISTRIBUTORS, INC.<br>and<br>KOST TIRE/MUFFLER, INC.<br>and<br>JOSEPH LORDI<br><br>Defendants. | CIVIL ACTION<br><br>CASE NO.: 3:25-cv-01782-KM |

**PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

## I. INTRODUCTION

Defendants' Motion is borderline frivolous, fails to set forth the correct legal standard and ignores specific factual assertions in its desperate attempt to dismiss Plaintiff's claims.

Plaintiff's First Amended Complaint sets forth ***more than sufficient facts*** to give rise to his legal claims. Accordingly, Defendants' Motion should be denied in its entirety.

## II. RELEVANT PROCEDURAL HISTORY

Plaintiff initiated this lawsuit against Defendants, his former employer, for violations of Title VII of the Civil Rights Act of 1964 ("Title VII") and Section 1981 of the Civil Rights Act of 1866 ("Section 1981" - 42 U.S.C. § 1981). *See* ECF Docket Entry No. 1. On October 23, 2025, Plaintiff filed a First Amended Complaint, revising the first name of the Individual Defendant, Joseph Lordi. *Id.* at Docket Entry No. 8.

On December 12, 2025, Defendants filed a Motion to Dismiss Plaintiff's claims. *Id.* at Docket Entry No. 14. On December 30, 2025, Defendants filed a Brief in Support of their Motion. *Id* at Docket Entry No. 15. Plaintiff files this Response in Opposition to Defendants' Motion.

## III. STATEMENT OF QUESTIONS INVOLVED

1. Has Plaintiff sufficiently pled a claim for discrimination under Section 1981 and Title VII?

   **Suggested Answer**: Yes.

2. Has Plaintiff sufficiently pled a claim for hostile work environment under Section 1981 and Title VII?

   **Suggested Answer**: Yes.

3. Has Plaintiff sufficiently pled a claim for retaliation under Section 1981 and Title VII?

   **Suggested Answer: Yes**

4. Should the Defendant Lordi be dismissed from this case?

   **Suggested Answer: No**

5. Has Plaintiff sufficiently pled a claim for punitive damages?

   **Suggested Answer: Yes**

## IV. STATEMENT OF FACTS

The Plaintiff, Jose Reyes ("Mr. Reyes" or "Plaintiff"), is a multi-racial man who was born in Puerto Rico. *See* Docket Entry No. 8 at ¶16-17. He was hired by Defendants on or about January 20, 2025 and worked as a full-time mechanic/laborer until his termination on or about July 17, 2025. Id. at ¶19. Mr. Reyes was qualified for his job, performed it well and was issued a raise based on his satisfactory work performance. Id. at ¶20-21.

Mr. Reyes reported directly to Brandon Fritsch ("Fritsch")(Team Lead/Supervisor), Jimmy (Team Lead/Supervisor), Dom (last name believed to be Bonacci, hereinafter "Bonacci")(Team Lead/Supervisor) Frank (last name believed to be Perrone, hereinafter "Perrone")(Store Manager) and Joseph Lordi ("Lordi")(General/District Manager), all of whom are caucasian/non-Hispanic. In fact, Defendants' workplace is almost exclusively Caucasian. Plaintiff was one of very few people of color. Id. at ¶22-24.

Throughout his employment, Mr. Reyes was subjected to disparate and demeaning treatment based on his race, color and national origin. For example:

a. Defendants spoke to and treated him in a rude and unprofessional manner, especially compared to his non-Hispanic colleagues;

b. Defendants consistently assigned him the most grueling, difficult, and least desirable jobs throughout the course of his employment;

c. Mr. Reyes was often assigned back-to-back tire changes causing him significant bodily strain and made to take out the trash far more often than his non-Hispanic counterparts;

d. Mr. Reyes was subjected to and witnessed consistent racial commentary and jokes by his colleagues. By way of example, but not intended to be an exhaustive list, he observed supervisors make derogatory comments about Indian customers and other customers of color, including referring to "them" as "motherfuckers";

e. On several occasions, Fritsch greeted Mr. Reyes with the blatantly derogatory "what up my nigger?" which was offensive and disturbing to him;[1]

f. Fritsch also repeatedly bragged to Mr. Reyes and others about being a "country boy" and admitted that he wore confederate-flag-related clothing and used the confederate flag in his daily life, including on his license plate;

g. Defendants criticized and reprimanded Mr. Reyes for being sick and missing a day from work, while they allowed other employees to come and go as they pleased;

h. Fritsch and other supervisors also consistently degraded and spoke down to Mr. Reyes, unlike his Caucasian counterparts.

*Id.* at ¶ 20-25.

In the Spring of 2025, Mr. Reyes made several verbal complaints to Defendants' management about this unfair treatment, explaining that he believed the mistreatment was "racist" and that he was being "discriminated against." He also

[1] Plaintiff's grandfather is African American and so, Plaintiff considers himself multi-racial.

informed Defendants that he would be filing a complaint of discrimination with the EEOC. Despite Mr. Reyes' complaints, Defendants did nothing to investigate or address the discrimination and, as a result, it continued. Id. at ¶27-29.

After Mr. Reyes' complaints of discrimination, Defendants treated him even worse, including talking to him rudely and condescendingly, referring to him as a "nigger," ordering him around and even refusing to exchange a simple hello or goodbye. On or about July 11, 2025, Mr. Reyes sent a text message to Defendant Lordi expressing his concerns. Although Defendant Lordi assured Mr. Reyes that he would speak with the in-store management about his complaint, he failed to do so or otherwise remedy the discrimination. As a result, on or about July 15, 2025, Plaintiff filed a Charge of Discrimination with the EEOC, indicating that he was being discriminated against because of his race. Shortly thereafter, he informed Defendants' managers about this filing. Id. at ¶30-34.

On July 17, 2025, just ***two days*** after filing an EEOC complaint of discrimination and informing Defendants about it, Mr. Reyes was terminated. Defendants told Mr. Reyes that he was being terminated for allegedly calling Fritsch a "nigger," which is not only ***completely untrue*** but also absurd, as: (1) Mr. Reyes' ancestry/family is African American; (2) Fritsch is Caucasian; (3) Mr. Reyes himself had raised previous complaints about use of the same word (which went

unaddressed), and (4) other non-Hispanic colleagues consistently made racial jokes and commentary without any discipline, let alone termination. Id at ¶35-36.

In addition, shortly before his termination, Mr. Reyes was threatened by Fritsch, who approached him as if he planned to strike him, used profanity and asked Mr. Reyes if he "had a problem." Mr. Reyes was also told that if he did not want to do his job he could go home. This incident continued for several minutes. Id. at ¶37-38.

Despite that Mr. Reyes was not the aggressor in any way and that Fritsch cursed at and threatened him, Defendants still called the police to have Mr. Reyes escorted from the premises, for what were obvious racial stereotypes. Notably, Fritsch (a non-Hispanic co-worker) was not terminated. Id. at ¶39-40.

## V. LEGAL ARGUMENT

### A. Legal Standard

The Third Circuit has stated that in order to survive a motion to dismiss pursuant to Fed.R.Civ.P. (12)(b)(6), a plaintiff need only "allege enough facts to state a claim to relief that is plausible on its face." *Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 213 at *3 (3d Cir. 2013). **<u>This standard requires the Plaintiff only show "more than a sheer possibility that a defendant has acted unlawfully</u>**." *Id*. (*citing to Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (*emphasis added*).

In considering a motion to dismiss under Rule 12(b)(6), a court is required to "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny,* 515 F.3d 224, 233 (3d Cir.2008) (*quoting Pinker v. Roche Holdings, Ltd.,* 292 F.3d 361, 375 n. 7 (3d Cir.2002)). Thus, a complaint must assert "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Bell Atlantic Corp. v. Twombly*, 550 U. S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

It has been said that "while Rule 12(b)(6) does not permit dismissal of a well-pleaded complaint simply because it strikes a savvy judge that actual proof of those facts is improbable, the factual allegations must be enough to raise a right to relief above the speculative level." *R.K. v. Y.A.L.E. Schs., Inc*., 621 F. Supp. 2d 188, 194 (D.N.J. 2008). However, all a plaintiff must to do to survive a motion brought under Fed.R.Civ.P. 12(b)(6) is "allege facts that raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact)." *R.K*., 612 F. Supp. 2d at 194 (internal quotations omitted) (*emphasis added*) (*citing Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007)).

Even under *Twombly*, the law "does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable

expectation that discovery will reveal evidence of the necessary element." *R.K.*, 612 F.Supp. 2d at 195 (*emphasis added*).

Importantly, ***a complaint need not establish a prima facie case to survive a motion to dismiss***. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 788 (3d Cir. 2016). Instead, the plaintiff need only "put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element," *Fowler v. UPMC Shadyside*, 578 F.3d 203, 213 (3d Cir.2009) and "must give the defendant fair notice of what the plaintiff's claim is and of the grounds upon which it rests," *Bayer v. Pocono Med. Ctr.*, No. 3:13-1900, 2014 U.S. Dist. LEXIS 100111, 2014 WL 3670499, at *4 (M.D. Pa. 2014) (citing *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007)); *Nadie v. Greenwood Gaming & Ent., Inc.,* No. 25-cv-1184, 2025 U.S. Dist. LEXIS 72932, at *4-5 (E.D. Pa. 2025); *Ghalib v. Lycoming Coll.,* No. 4:25-CV-00463, 2025 U.S. Dist. LEXIS 186328, at *7 (M.D. Pa. 2025)(all that is necessary at this stage is for the complaint to "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof" of unlawful discrimination).

## B. Legal Analysis

### 1. Defendants' Motion to Dismiss Plaintiff's Title VII/1981 Discrimination Claims Should be Denied.

In order to establish a claim of race/national origin discrimination, a plaintiff must show that: (1) he belongs to a protected class; (2) he was qualified for the

position; (3) he was subject to an adverse employment action despite being qualified; and (4) under circumstances that raise an inference of discriminatory action. *Sarullo v. U.S. Postal Serv.*, 352 F.3d 789, 797 (3d Cir. 2003); *Wilkie v. Geisinger Sys. Servs.*,2014 U.S. Dist. LEXIS 132162(M.D. Pa. 2014); *Gray v. R.J. Reynolds Tobacco Co.*, 2011 U.S. Dist. LEXIS 3399,2011 WL 114868(D.N.J. 2011); *Anderson v. Wachovia Mortg. Corp.*, 621 F.3d 261, 268-270 (3d Cir. 2010); *Langley v. Merck & Co.*, 186 Fed.Appx. 258, 259 (3d Cir. 2006).

However, Courts in the Third Circuit have made clear that at the motion to dismiss stage, it is inappropriate to employ the often-used *McDonnell Douglas* standard. *See Palmore v. Hornberger*, 813 F. App'x 68, 71 (3d Cir. 2020) (explaining that it would make little sense to utilize the framework when the district court must only consider the complaint at the Motion to Dismiss stage); *Ghalib*, *supra*, at *7 n.32 (M.D. Pa. 2025).

In addition, to establish a claim of discrimination, a plaintiff need not have direct evidence of the harasser's motivation for discrimination against him. *Abramson v. William Paterson College*, 260 F.3d 265, 2001 U.S. App. LEXIS 17614, 86 Fair Empl. Prac. Cas. (BNA) 668, 81 Empl. Prac. Dec. (CCH) P40,678 (3d Cir. 2001). The fact-finder is not required "to peer inside the harasser's mind," but rather, proving the harasser's motivation may be done by showing that the "offender's behavior was ... based on a protected category." *Id.* Because "discrimination is often

masked in more subtle forms, it is often difficult to discern discriminatory animus" and "with respect to certain conduct, the intent to discriminate can be inferred." *Id.*

Defendants do not contest that Mr. Reyes' First Amended Complaint sets forth sufficient facts to establish the first three elements of his race discrimination claim. The only element Defendants challenge is the "circumstances-giving-rise-to-an-inference-of-discrimination." Even a cursory review of Mr. Reyes' Complaint, however, reflects factual assertions that easily give rise to an inference of discrimination.

Such an inference can be "supported in a number of ways, including, but not limited to, (1) comparator evidence, (2) evidence of similar racial discrimination of other employees, or (3) direct discrimination from statements or actions by supervisors or co-workers suggesting racial animus." *Jarmon v. Trader Joe's Co.*, 660 F. Supp. 3d 357, 363 (E.D. Pa. 2023) (quoting *Golod v. Bank of Am. Corp.*, 403 Fed. Appx. 699, 703 n.2 (3d Cir. 2010)); *Jenkins v. Ciocca Mgmt.,* 762 F. Supp. 3d 416, 427 (E.D. Pa. 2025); *See Sewell v. Hertrich Invs., Ltd.*, 825 F. Supp. 2d 503, 509, 513-15 (D. Del. 2011) (holding that one comment—"Jamaica[n] people don't like white people" was enough to "give[] rise to an inference of discriminatory animus" and sufficient to establish a prima facie case of national origin discrimination, despite an absence of comparator evidence).

Further, the Third Circuit has long held that even "discriminatory comments by non-decisionmakers, or statements temporally remote from the decision at issue, may properly be used to build a circumstantial case of discrimination." *Abrams v. Lightolier Inc*., 50 F.3d 1204, 1214 (3d Cir. 1995)(*citing Lockhart v. Westinghouse Credit Corp*., 879 F.2d 43, 54 (3d Cir. 1989) (finding age-biased comment relevant even when made subsequent to plaintiff's termination); *Roebuck v. Drexel Univ*., 852 F.2d 715, 733 (3d Cir. 1988) (upholding admissibility of discriminatory comment by decisionmaker made five years before denial of tenure); *See Williams v. Twp. of Lakewood*, No. 17CV11401PGSTJB, 2020 U.S. Dist. LEXIS 235893, 2020 WL 7391009 (D.N.J. 2020)(similar commentary about a plaintiff's race/ethnicity was found to establish the intent prong of this analysis).

To be sure, the Third Circuit has expressly held that an employer can be liable for a co-worker's discrimination when the employer was negligent in failing to discover the co-worker harassment or in responding to a report of such harassment. *Huston v. P&G Paper Prods. Corp.*, 568 F.3d 100, 105 (3d Cir. 2009). *Ghalib v. Lycoming Coll.,* No. 4:25-CV-00463, 2025 U.S. Dist. LEXIS 186328, at *5 n.24 (M.D. Pa. 2025).

Although a plaintiff is not required (at any stage of litigation) to rely on comparator evidence, such evidence can be used to show that the employer treated a similarly-situated employee who is not within the protected class differently than

plaintiff. *Nicholson v. Bradley Graphic Solutions, Inc*., 2004 U.S. Dist. LEXIS 7153, 2004 WL 870692, at *4 (E.D. Pa. 2004); *Davis v. City of Phila. Water Dep't,* 2001 U.S. Dist. LEXIS 18163, 2001 WL 1390750, at *3 (E.D. Pa. 2001). Similarly situated does not mean identically situated. *See Jenkins v. Ciocca Mgmt.,* 762 F. Supp. 3d 416, 427 (E.D. Pa. 2025)(although the plaintiff and alleged comparator held different positions and reported to different supervisors, a jury could still conclude they are similarly situated because they were subjected to similar employment policies and overseen by the same HR department); *see Watkins v. Mack Trucks, Inc.,* No. 5:24-cv-02318, 2025 U.S. Dist. LEXIS 141423, at *13 (E.D. Pa. 2025); *see Williams v. Potter,* Civil Action No. 07-02, 2008 WL 282349, at *3 (W.D.Pa. 2008)(similarly situated does not mean identically situated).

In *Ghalib v. Lycoming Coll.,* No. 4:25-CV-00463, 2025 U.S. Dist. LEXIS 186328, at *6-7 (M.D. Pa. 2025), the Court, in denying the defendant's motion to dismiss plaintiff's race discrimination claims, explained that when a plaintiff has alleged a firing after alleged racial discrimination, the Third Circuit has found there to be an inference of discriminatory intent. *Id.*; *See Castleberry v. STI Grp.*, 863 F.3d 259, 266 (3d Cir. 2017)(finding that termination of employment satisfied the third element of this standard). The Court found that because the plaintiff (Mr. Ghalib) reported instances of race-based discrimination and was later informed that defendant terminated him, this "leads to a possible conclusion that the rationale

behind these actions was discriminatory intent." The Court further reasoned that "[b]ecause all that is necessary at this stage is for the complaint to 'allege sufficient facts to raise a reasonable expectation that discovery will uncover proof' of unlawful discrimination, all elements of the discrimination claim have been plausibly pled." *Id.*

As in *Ghalib*, Mr. Reyes has set forth more than sufficient factual allegations that raise a plausible claim of discrimination under Title VII/Section 1981. This evidence, as set forth in paragraphs 20-36 of his First Amended Complaint, includes: (1) rude and demeaning treatment of Mr. Reyes' by Defendants, compared to his non-Hispanic colleagues; (2) blatantly discriminatory comments to Mr. Reyes, including the use of the term ***"nigger"***; (3) being assigned the most grueling job duties; (4) being reprimanded for conduct that non-Hispanic employees were not reprimanded for; (5) being subjected to comments about people of color as "them" and "motherfuckers"; (6) having his complaints of discrimination ignored; and (7) being terminated for a completely fabricated reason while his white colleagues who called him a "nigger" were not terminated (i.e. comparator evidence). *Id.* at 20-36. These facts, especially when viewed in their totality, easily give rise to an inference of discrimination. *See Ghalib, supra* at *5-6 *(*denying motion to dismiss race discrimination claims where the plaintiff's complaint "clearly asserts that he belongs

to a racial minority group and that discrimination occurred concerning one of the activities enumerated in Section 1981- termination of [ ] employment”).

**2. Defendants’ Motion to Dismiss Plaintiff’s Hostile Work Environment Claim Should be Denied.**

The Third Circuit has held that to succeed on a claim for hostile work environment, a plaintiff must prove that: (1) the plaintiff suffered intentional discrimination because of her protected class; (2) the discrimination was severe or pervasive; (3) the discrimination detrimentally affected the plaintiff; (4) the discrimination would detrimentally affect a reasonable person in that position; and (5) the existence of respondeat superior liability. *Kunin v. Sears Roebuck and Co.,* 175 F.3d 289, 293 (3d Cir. 1999); *see also Abramson v. William Paterson College of New Jersey,* 260 F.3d 265, 276-77 (3d Cir. 2001); *Aman v. Cort Furniture Rental Corp*., 85 F.3d 1074, 1081 (3d Cir. 1996)).

In determining the existence of a hostile work environment, the totality of the circumstances must be examined. *Cardenas v. Massey,* 269 F.3d 251, 260 (3d Cir. 2001); *see also Abramson v. William Paterson Coll. of N.J.,* 260 F.3d 265, 279-80 (3d Cir. 2001) ("No one event alone stands out from the rest, but all of the events could be found to aggregate to create a[ ] [hostile] environment[.]"); *see also Mandel v. M&Q Packaging Corp.,* 706 F.3d 157, 168 (3d Cir. 2013).

“Severity” and “pervasiveness” are separate and alternative possibilities. *Castleberry v. STI Grp*., 863 F.3d 259, 264 (3d Cir. 2017). "Some

harassment may be severe enough to contaminate an environment even if not pervasive; other, less objectionable, conduct will contaminate the workplace only if it is pervasive." *Canete v. Barnabas Health Sys.,* 718 F. App'x 168, 169 (3d Cir. 2018). ***Even one or two discriminatory comments can establish the "severity" prong.*** *See Hawkins v. City of Phila.,* 571 F. Supp. 3d 455, 463 (E.D. Pa. 2021)(supervisor's use of a homophobic slur when referring to Plaintiff on at least two occasions is sufficient for a reasonable jury to find that Defendants' conduct was severe); *Angelis v. Phila. Hous. Auth.,* No. 23-460, 2024 U.S. Dist. LEXIS 26342, at *44 (E.D. Pa. 2024)(treatment over two-month period, during which plaintiff was singled out and subjected to three unwelcome comments from his colleagues and a supervisor); *See Castleberry,* 863 F.3d at 265 (finding use of a racially charged slur severe enough to meet the severe or pervasive requirement); *Williams v. Cty. of Philadelphia Office of Fleet Mgmt.,* No. 18-3875, 2020 U.S. Dist. LEXIS 60287, 2020 WL 1677667, at *4 (E.D. Pa. 2020) (same).

Harassment can rise to a severe or pervasive level even if it does not create a "tangible effect[]" that affects an employee's performance, because "no single factor is required" before a jury can find that a hostile work environment exists. *Harris v. Forklift Sys.,* 510 U.S. 17, 22-23, 114 S. Ct. 367, 126 L. Ed. 2d 295, 1993 U.S. LEXIS 7155, 62 U.S.L.W. 4004, 63 Fair Empl. Prac. Cas. (BNA) 225 (U.S. 1993).

Mr. Reyes' First Amended Complaint contains detailed factual assertions giving rise to each element of a hostile work environment claim. First, Defendants made obviously discriminatory comments to Mr. Reyes (including calling him a "nigger"), which reflect their discriminatory animus. Next, Defendants' conduct occurred throughout Mr. Reyes' six-month period of employment and included more than mere offhanded jokes but instead racially disparaging remarks by his supervisors. Clearly, Mr. Reyes was hurt and offended by this treatment, as he complained several times internally to Defendants (including Lodi) as well as to the EEOC. Any reasonable person would be detrimentally affected by being called a "nigger," being made to perform the worst job duties, being criticized for issues that white employees got away with and having their complaints of discrimination ignored. Id. at ¶25-40. Lastly, Defendants are liable for the conduct because Mr. Reyes' supervisors created the hostile work environment and also failed to take any remedial action in response to his complaints.[2]

Defendants' assertion that being called a "nigger" and other disparaging racist comments in the workplace does not rise to the level of intentional discrimination and would not detrimentally affect any reasonable person in Mr. Reyes' position is

---

[2] An employer is generally liable for the acts of a supervisory employee or its employees' harassment of a subordinate when their actions have created a hostile work environment. *Faragher v. City of Boca Raton,* 118 S.Ct. 2275 (1998); *see also Burlington Industries, Inc. v. Ellerth*, 118 S.Ct. 2257 (1998); *Clegg v. Falcon Plastics, Inc.,* 174 Fed.Appx 18, 26 (3d Cir. 2006).

not only tone deaf but offensive. For all these reasons, Defendants' Motion must be denied.

**3. Defendants' Motion to Dismiss Plaintiff's Retaliation Claim Should be Denied.**

In order "to establish a *prima facie* case of retaliation under Title VII/Section 1981, a plaintiff must show: (1) protected employee activity; (2) adverse action by the employer either after or contemporaneous with the employee's protected activity; and (3) a causal connection between the employee's protected activity and the employer's adverse action." *Krouse v. American Sterilizer Co*., 126 F.3d 494, 500 (3d Cir. 1997); *Treaster v. Conestoga Wood Specialties, Corp.,* 2010 U.S. Dist. LEXIS 63257, 98, 2010 WL 2606479 (M.D. Pa. Apr. 29, 2010).

Defendants do not contest that Mr. Reyes engaged in protected activity by making complaints of discrimination to Defendants (including Lordi) and to the EEOC or that he suffered an adverse employment action. Defendants incorrectly assert, however, that Mr. Reyes cannot establish a causal link between his complaints and termination. Defendants' Motion claims that Mr. Reyes' factual assertions are vague and conclusory. This could not be further from the truth, as Mr. Reyes' Complaint includes detailed factual allegations that support causation. This includes

suggestive timing, antagonism, indifference to his complaints[3] and pretext. *See* ECF Docket Entry No. 8 at ¶¶24-40.

To establish such a causal link, "a plaintiff may rely on the temporal proximity between the [protected activity and adverse action]." *Ghalib*, *supra*., 2025 U.S. Dist. LEXIS 186328, at *9. The Third Circuit has held that "an inference of retaliation"—which alludes to the causation element—can arise from the temporal proximity of less than three months between the protected activity. *See Fasold v. Justice,* 409 F.3d 178 (3d Cir. 2005) (reversing district court grant of summary judgment because court failed to consider inference created by adverse action within less than three months following engagement in protected activity); *See Nesselrotte v. Allegheny Energy, Inc*., WL 703395 (W.D. Pa. 2009)(less than 3 months between protected activity and termination sufficiently established causation element).

In *Ghalib*, *supra*., 2025 U.S. Dist. LEXIS 186328, at *9, the Court concluded that facts reflecting that the plaintiff's hours were reduced within 3 months of his complaints of discrimination could give rise to an inference of causation. *Id.*

In this case, Mr. Reyes was terminated ***two days*** after he informed Defendants that he made a complaint of discrimination to the EEOC. *See* ECF Docket Entry

[3] A defendants' inaction in response to a complaint of discrimination or a decision to terminate the employment of the reporter could lead to a reasonable inference of retaliation. *Ghalib, supra.,* 2025 U.S. Dist. LEXIS 186328, at *9.

No. 8 at ¶¶33-35. This timing, by itself, is sufficient to establish the causal link element of his claim. On this basis, alone, Defendants' Motion should be denied.

Mr. Reyes' Complaint also contains facts that show Defendants treated him with animosity after his complaints and failed to address or remedy the discrimination. *Id* at ¶30, 32-35. Such evidence, especially combined with the suspicious timing of events, easily gives rise to a plausible retaliation claim. *Ghalib, supra.; See Merritts v. Pa.*, No. 1:17-CV-01881, 2020 U.S. Dist. LEXIS 103078, 2020 WL 3128529, at *3 (M.D. Pa. 2020)(finding that inaction by supervisors can amount to intentional discrimination); *Kunin v. Sears Roebuck & Co.*, 175 F.3d 289, 293 (3d Cir.1999)(a defendant is liable for the conduct of non-supervisory employees if they knew or should have known of the discriminatory conduct and failed to take prompt remedial action).

**4. Defendants' Motion to Dismiss Joseph Lordi should be denied.**

A manager's deliberate indifference to, or participation in, a subordinate's acts of racially-motivated conduct can satisfy the element of intent necessary to give rise to individual liability under § 1981. *See Cardenas v. Massey*, 269 F.3d 251, 269 (3d Cir. 2001); s*ee also Francis v. Atlas Machining & Welding, Inc.*, No. 11-6487, 2013 U.S. Dist. LEXIS 20691, 2013 WL 592297, at *4 (E.D. Pa. 2013) (finding defendants could be held individually liable under § 1981 for failing to respond to reported instances of verbal harassment); *Ghalib, supra*., at *5.

In this case, Defendant Lordi failed to investigate or otherwise address Mr. Reyes' complaints of discrimination. Id. at ¶32. Instead, Mr. Reyes was terminated within two days of making complaints of discrimination to Lordi and the EEOC. Id. at ¶33-35. This conduct reflects Lordi's deliberate indifference and is more than sufficient to give rise to an inference of individual liability.

**5. Plaintiff has set forth sufficient facts to support a claim for punitive damages.**

Title VII and Section 1981 permit a plaintiff to recover punitive damages. *See* 42 U.S.C. § 1981a(b)(1); *Gagliardo v. Connaught Labs.*, 311 F.3d 565, 573 (3d Cir. 2002). "In order to recover punitive damages, plaintiff must prove only that the employer intentionally acted with the knowledge that it may be acting 'in violation of' the law, even if it did not know it was 'engaging in discrimination.'" *Kolstad v. Am. Dental Ass'n*, 527 U.S. 526, 535, 119 S. Ct. 2118, 144 L. Ed. 2d 494 (1999); *Holmes v. Am. Heritage Fed. Credit Union*, No. 18-4418, 2019 U.S. Dist. LEXIS 31015, at *10 (E.D. Pa. 2019).

In *Parexel Intern. Corp. v. Feliciano*, 2008 WL 5101642 (E.D.Pa. 2008), the Court explained that: "firing the Plaintiff was, however, an intentional act and not an accident, and firing the Plaintiff in and of itself made him financially vulnerable. To be sure, infliction of economic injury, especially when done intentionally through affirmative acts of misconduct ... can warrant substantial penalty." *citing BMW of North America, Inc. v. Gore*, 517 U.S. 559, 576, 116 S. Ct. 1589, 134 L. Ed. 2d 809

(1996). Punitive damages are warranted in circumstances involving "intentional acts of terminating an employee, which carry substantial financial harm to the plaintiff. *See also Skaggs v. Hartford Financial Group, Inc.*, 2001 WL 1665334 (E.D. Pa. 2001)(punitive damage award upheld because there was sufficient evidence for a jury could infer there was deceit on the part of management concerning discrimination that was occurring and noting the jury could have also thought there was a campaign to detour or push the plaintiff out of the company).

***Whether a plaintiff is entitled to punitive damages is within the province of the jury.*** *Barry by & Through Cornell v. Manor Care, Inc.,* No. 97-5883, 1999 U.S. Dist. LEXIS 5928, at *12 (E.D. Pa. 1999); *Miller v. Tyco Elecs., Ltd.,* 2012 U.S. Dist. LEXIS 164531 at *6 (M.D.Pa. 2012); *Ilowite v. Diopsys, Inc.,* 2008 U.S. Dist. LEXIS 7359 at *49 (D.N.J. 2008); *MacRae v. Afro-American Co.,* 172 F. Supp. 184, 190 (E.D.Pa. 1959); *Ghalib, supra*., at *11-12 (because the plaintiff pled that his employment was terminated soon after complaining of racial discrimination, such facts "may rise to the level of conduct that is recklessly indifferent to [his] federally protected rights").

In this case, the facts pled in Mr. Reyes' First Amended Complaint are more than sufficient for a jury to conclude that Defendants acted with reckless indifference to his federally protected rights, including that he was terminated within two days of his final complaints of race discrimination for a completely fabricated reason. Id. at

¶33-36. At the very least, a jury will need to make credibility determinations[4] and resolve factual disputes in order to determine whether punitive damages are appropriate. For these reasons, Defendants' Motion should be denied.

### 6. Plaintiff Should Be Permitted to Amend his Complaint to Cure Any Deficiencies.

Assuming *arguendo* Plaintiff has not sufficiently pled his claims, the Court should allow him to file an Amended Complaint to cure the deficiencies. When a 12(b)(6) motion is granted, a district court should not dismiss the civil action but instead provide the claimant with at least one opportunity to amend the defective complaint. When further amendment would be futile, an action or claim may be dismissed with prejudice and that plaintiff is barred from raising it again. *Heller v. Fulare,* 371 F.Supp.2d 743, 746 (W.D. Pa. 2005) (*citing* Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1357 (3d ed. 2004)). "[I]n the event a complaint fails to state a claim, unless amendment would be futile, the District Court **must** give a plaintiff the opportunity to amend her complaint." *Phillips v. County of Allegheny,* 515 F.3d 224, 228 (3d Cir. 2008) (emphasis added); *see also Alston v. Parker,* 363 F.3d 229, 235 (3d Cir. 2004) ("even when a plaintiff does not

[4] *See Nitkin v. Main Line Health*, No. 20-4825-KSM, 2021 U.S. Dist. LEXIS 229179, at *28 (E.D. Pa. 2021)("[a]fter hearing evidence, the jury found an award of punitive damages appropriate. [The defendant] made the good faith arguments, but the jury could have easily found its witnesses lacked credibility"); *Gucker v. U.S. Steel Corp.,* 212 F. Supp. 3d 549, 564 (W.D. Pa. 2016)(the "jury weighed the evidence, determined credibility, and proceeded in a rational fashion to award punitive damages. The Court will not disturb their determination, here").

seek leave to amend, if a complaint is vulnerable to 12(b)(6) dismissal, a District Court must permit a curative amendment, unless an amendment would be inequitable or futile") (*citing Grayson v. Mayview State Hosp.,* 293 F.3d 103, 108 (3d Cir. 2002)).

## VI. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that Defendants' Motion to Dismiss be denied.

**KARPF, KARPF & CERUTTI, P.C.**

By: */s/ Jeremy M. Cerutti*
Jeremy M. Cerutti, Esq.
8 Interplex Drive; Suite 210
Trevose, PA 19053
215-639-0801
jeremy@karpf-law.com
Attorney ID: 200276
*Attorney for Plaintiff*

Dated: January 5, 2026

## CERTIFICATE OF COMPLIANCE WITH L.R. 7.8(b)(2)

I hereby certify that this brief complies with L.R. 7.8(b)(2), because it contains 4,980 words using the word count feature of Microsoft Word in 14-point font size and Times New Roman Type Style, excluding tables, headings, captions and certifications.

**KARPF, KARPF & CERUTTI, P.C.**

By: */s/ Jeremy M. Cerutti*
Jeremy M. Cerutti, Esq.
*Attorney for Plaintiff*

Dated: January 5, 2026

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JOSE REYES<br><br>Plaintiff,<br><br>v.<br><br>KOST TIRES & AUTO SERVICE<br>and<br>KOST TIRE DISTRIBUTORS, INC.<br>and<br>KOST TIRE/MUFFLER, INC.<br>and<br>JOSEPH LORDI<br><br>Defendants. | : | CIVIL ACTION<br><br>CASE NO.: 3:25-cv-01782-KM |

**CERTIFICATE OF SERVICE**

I certify on the date set forth below that true and correct copies of Plaintiff's Brief in Opposition to Defendants' Motion to Dismiss Plaintiff's First Amended Complaint were served via ECF and email, upon all counsel of record.

By: */s/ Jeremy M. Cerutti*
Jeremy M. Cerutti, Esq.

Dated: January 5, 2026